Opinion issued June 2, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-01073-CR

———————————

Kevin Oliver Antoine, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 185th District Court

Harris County, Texas



Trial Court Case No. 1207545

 



 

MEMORANDUM OPINION

          Appellant,
Kevin Oliver Antoine, pleaded guilty without a recommendation on punishment to
aggravated sexual assault of a child.[1]  The trial court accepted his plea and
assessed appellant’s punishment at ten years’ confinement.  In one point of error, appellant argues that
he was denied constitutionally effective counsel.

          We
affirm.

Background

Appellant was indicted for
aggravated sexual assault of his fifteen-year-old daughter.  He entered a guilty plea without an agreed
recommendation as to punishment.  Appellant
waived his rights to trial by jury, to appearance, to confrontation and
cross-examination of witnesses, and against self-incrimination, and he signed a
judicial confession that he was guilty of the assault.  Appellant also initialed and signed the
following statements, among others:

I am mentally competent and
I understand the nature of the charge against me.

 

I understand the admonishments
or warnings of the trial court set out herein and I have no questions.

 

. . . .

 

I represent to the trial
court that the State will make the plea bargain agreement or recommendation, if
any, . . . and I understand the consequences, as set out above, should the
trial court accept or refuse to accept the plea bargain or plea without an
agreed recommendation.

 

. . . .

 

I have freely, knowingly,
and voluntarily executed this statement in open court with the consent of and
approval of my attorney, and I request that the Court accept my plea;

 

. . . .

 

If my counsel was appointed,
I waive and give up any time provided to me by law to prepare for trial.

 

. . . .

 

I am fully satisfied with
the services rendered to me by my attorney, and believe she/he has represented
me competently, conscientiously and to the best of her/his ability.

 

I understand the offenses I
am charged with, and my attorney has discussed with me all the defenses, if
any, I might have to these charges and I am entering this plea freely and
voluntarily, in the exercise of my own good judgment.

 

Appellant and his trial counsel also signed written admonishments
regarding appellant’s required registration as a sex offender.

The trial court began the
sentencing hearing by confirming the prior plea proceedings:

[Trial
court]:         [Appellant] entered a plea
of guilty to the offense of aggravated sexual assault of a child.  [Appellant,] you pled guilty freely and
voluntarily?

 

[Appellant]:                   Yes, ma’am.

 

[Trial
court]:         Did anybody threaten you
in any way to cause you to plead guilty?

 

[Appellant]:                    No,
ma’am.

 

[Trial
court]:         Did anyone promise you
anything that caused you to plead guilty?

 

[Appellant]:                   No, ma’am.

 

The trial court also asked appellant to confirm that
he signed the waiver, judicial confession, and admonishments described above,
which he did.  The trial court then
asked, “You understood when you signed this you were . . . admitting you were
guilty of committing this offense?” 
Appellant answered, “Yes, ma’am.” 
The State did not offer any evidence at the hearing other than the plea
documents, but it provided the trial court with a brief description of the
assault and appellant’s prior criminal history.

Appellant testified on his own
behalf at his punishment hearing.  His
trial counsel asked him about his family members who were present at the
hearing and asked,

[Trial counsel]:     Are they here in support of you?

 

[Appellant]:                   They’ve always supported me.

 

[Trial
counsel]:     Do you feel like they will
continue to support you throughout this process?

 

[Appellant]:                   Yes, sir.

 

[Trial
counsel]:     How has this—what are
your feelings about this case?

 

[Appellant]:          My feelings are very embarrassed,
sinful about what happened.

 

Appellant also testified about his work situation
and his ability to comply with any probation terms the trial court might set.

 

          On
cross-examination, the State asked:

[the
State]:            [W]ould you agree you
have a problem with sexually abusing young girls?

 

[Appellant]:                   Yeah, it happened but—yes,
ma’am.

 

. . . .

 

[the
State]:            So, you’re not denying
that you did have sex with [the complainant]; is that correct?

 

[Appellant]:                   Yes, ma’am.

 

          Appellant’s
common-law wife, Gillian Glouden, also testified at his punishment
hearing.  She testified that appellant
had a good relationship with their one-year-old daughter and that she believed
appellant had a desire to correct his past behavior.  On cross-examination, the State asked her,

[the
State]:            [Appellant] had
admitted to you that he sexually abused his daughter [the complainant]?

 

[Glouden]:            Yes.

 

[the State]:            And you believe that happened,
right?

 

[Glouden]:            Yes.

 

The trial court assessed
appellant’s punishment at ten years’ confinement.  More than thirty days after judgment, appellant
moved for new trial, arguing that he was denied effective assistance of counsel
because he was “forced to plead guilty against his will and under duress by his
then attorney.”  The motion stated that
appellant “informed his attorney that he did not want to plead guilty to the
judge without a recommendation from the prosecutor and he did not want to plead
guilty to a crime he did not commit.” 
The motion stated that appellant’s trial counsel “insisted” that
appellant plead guilty and refused to do any trial preparation.  No affidavit or other evidence accompanied
the motion for new trial, nor did the trial court hold a hearing.

Ineffective Assistance of Counsel

In his sole point of error,
appellant argues that his trial counsel was ineffective.  To make a showing of ineffective assistance
of counsel, an appellant must demonstrate that (1) his counsel’s performance
was deficient and (2) there is a reasonable probability that the result of the
proceeding would have been different but for his counsel’s deficient
performance.  Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064
(1984); Cannon v. State, 252 S.W.3d
342, 348–49 (Tex. Crim. App. 2008).  The appellant
must prove ineffectiveness by a preponderance of the evidence.  Perez
v. State, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010).

          The
right to effective assistance of counsel applies to a defendant’s entry of a
guilty plea.  Ex parte Morrow, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997).  When a defendant enters a guilty plea and
later challenges the voluntariness of that plea based on ineffective assistance
of counsel, the voluntariness of the plea depends on (1) whether counsel’s
advice was within the range of competence demanded of attorneys in criminal
cases and, if not, (2) whether there is a reasonable probability that, but for
counsel’s error, the defendant would not have pleaded guilty and would have
insisted on going to trial.  Id. 


          Our
review of counsel’s representation is highly deferential, and we indulge a
strong presumption that counsel’s conduct fell within a wide range of
reasonable representation.  Salinas v. State, 163 S.W.3d 734, 740
(Tex. Crim. App. 2005).  To overcome the
presumption of reasonable professional assistance, an “allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.”  Id.;
Thompson v. State, 9 S.W.3d 808, 813
(Tex. Crim. App. 1999).

          Here,
appellant argues that his trial counsel compelled him to plead guilty in spite
of appellant’s insistence that he was innocent and that he did not want to
plead guilty without an agreed recommendation on punishment.  He also argues that his trial counsel refused
to conduct any pretrial investigation. 
However, appellant points to nothing in the record in support of his
allegations.  In fact, the evidence in
the record, including appellant’s written confession, his signed and initialed
admonishments, and his testimony given under oath at the sentencing hearing,
supports a conclusion that appellant freely and voluntarily pleaded guilty to a
crime he believed he had committed.  In
the absence of anything in the record affirmatively demonstrating otherwise, we
presume that his trial counsel’s performance was reasonable.  See
Salinas, 163 S.W.3d at 740.  Thus,
appellant has failed to establish that his trial counsel’s advice fell outside
the range of competence demanded of attorneys in criminal cases.  See
Morrow, 952 S.W.2d at 536.

          We
overrule appellant’s sole point of error.

Conclusion

          We
affirm the judgment of the trial court.

 

 

                                                                   Evelyn
V. Keyes

                                                                   Justice


 

Panel
consists of Justices Keyes, Higley, and Hinde.[2]

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]           See
Tex. Penal Code Ann. §
22.021(a)(1)(B) (Vernon 2010).

 





[2]
          The Honorable Dan Hinde, Judge
of the 269th District Court of Harris County, sitting by assignment.